```
 1  LAWRENCE G. BROWN
    Acting United States Attorney
 2  KRISTIN S. DOOR, SBN 84307
    Assistant U.S. Attorney
 3  501 I Street, Suite 10-100
    Sacramento, CA 95814
 4  Telephone: (916) 554-2723

 5  Attorney for Plaintiff
```

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>   v.<br><br>APPROXIMATELY $23,770.87 IN U.S. CURRENCY SEIZED FROM BANK OF AMERICA ACCOUNT NO. 0050 1112 8989, HELD IN THE NAME OF G&R EMPIRE, LLC,<br><br>APPROXIMATELY $6,741.29 IN U.S. CURRENCY SEIZED FROM BANK OF AMERICA ACCOUNT NO. 0050 1113 0692, HELD IN THE NAME OF PHOENIX CASH & CARRY, LLC,<br><br>APPROXIMATELY $9,774.73 IN U.S. CURRENCY SEIZED FROM BANK OF AMERICA ACCOUNT NO. 0049 6875 8911, HELD IN THE NAME OF IDEAL TOBACCO, WHOLESALE, INC.,<br><br>APPROXIMATELY $7,054.55 IN U.S. CURRENCY SEIZED FROM WELLS FARGO BANK ACCOUNT NO. 671-0134131, HELD IN THE NAME OF BITTAR FAMILY TRUST,<br><br>APPROXIMATELY $31,402.20 IN U.S. CURRENCY SEIZED FROM WELLS FARGO BANK ACCOUNT NO. 091-1704013, HELD IN THE NAME OF RAED MOURI AND | 2:08-cv-2752 JAM-GGH<br><br>**STIPULATION FOR INTERLOCUTORY SALE OF DEFENDANT TOBACCO PRODUCTS AND ORDER**<br><br><br><br>DATE: N/A<br>TIME: N/A<br>COURTROOM: N/A |

1

| | |
|---|---|
| LOUDY EGHO, | ) |
| | ) |
| APPROXIMATELY $29,095.02 IN U.S. CURRENCY SEIZED FROM WELLS FARGO BANK ACCOUNT NO. 071-0335696, HELD IN THE NAME OF BITTAR FAMILY TRUST, | ) ) ) ) |
| | ) |
| APPROXIMATELY 6,954 TOTAL BOXES OF ASSORTED SMOKEABLE OTP EVIDENCE (CONTAINING APPROXIMATELY 431,447 UNITS OF SMOKEABLE OTP) RECOVERED FROM IDEAL TOBACCO WHOLESALE, | ) ) ) ) ) |
| | ) |
| APPROXIMATELY 22 TOTAL BOXES OF SMOKEABLE OTP EVIDENCE (CONTAINING APPROXIMATELY 1,350 UNITS OF SMOKEABLE OTP) RECOVERED FROM THE ABF DELIVERY TRUCK AT IDEAL TOBACCO WHOLESALE, AND | ) ) ) ) ) |
| | ) |
| APPROXIMATELY 87,595 UNITS OF ASSORTED SMOKEABLE OTP EVIDENCE RECOVERED FROM PHOENIX CASH & CARRY, | ) ) ) ) |
| | ) |
| Defendants. | ) |

Plaintiff United States of America, by and through Kristin S. Door, Assistant United States Attorney for the Eastern District of California, and claimants Phoenix Cash & Carry LLC and Ideal Tobacco Wholesale, Inc., (hereafter "claimants") by and through their respective undersigned attorneys, submit the following stipulation, pursuant to 18 U.S.C. §§ 981(g)(6) and Rule E(9) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, for an order authorizing sale of the tobacco products listed in the caption above.

It is hereby stipulated and agreed as follows:

1. Plaintiff alleges that the defendant tobacco products are subject to seizure and forfeiture pursuant to, *inter alia*, 18 U.S.C. §§ 981(a)(1)(A) and (C). Claimants dispute the United

2

States' allegations.

2. The defendant tobacco products identified in the caption above as (1) "Approximately 6,954 Total Boxes of Assorted Boxes of Assorted Smokeable OTP Evidence (containing approximately 431,447 units of smokeable OTP)" and (2) "Approximately 22 Total Boxes of Smokeable OTP Evidence (containing approximately 1,350 units of smokeable OTP) Recovered From the ABF Delivery Truck" were seized on or about August 13, 2008, in Las Vegas, Nevada. The defendant tobacco products identified in the caption above as "Approximately 87,595 Units of Assorted Smokeable OTP" were seized on or about August 13, 2008, in Phoenix, Arizona.

3. The tobacco products are considered perishable property, and in order to preserve the value of this property, said property should be sold and the proceeds held as a substitute *res* pending completion of any action to forfeit the property.

4. The sale shall be conducted by the United States Bureau of Alcohol, Tobacco, Firearms, and Explosives (AFT) or its contractor for asset forfeiture matters, in a commercially reasonable manner at a public or private sale to qualified buyers consistent with applicable state and federal law relating to tobacco products.

5. The net proceeds of the sale will include all funds realized from the sale of the tobacco products less expenses incurred by AFT since the date of seizure, and expenses related to the sale, including but not limited to:

    a. Storage and transportation expenses;

    b. Sales commissions, if any; and

1     c.   Sale costs.

2     6.   The net proceeds shall be deposited into the Department of Justice Seized Asset Deposit Fund, and shall be substituted for the tobacco products identified in the caption above.

    7.   Upon deposit of said funds, plaintiff shall advise the Court and claimants of the amount of the substitute *res*.

Respectfully submitted,

Dated: April 13, 2009     LAWRENCE G. BROWN
Acting United States Attorney

By   /s/ Kristin S. Door
KRISTIN S. DOOR
Assistant U.S. Attorney
Attorneys for Plaintiff
United States of America

Dated: April 9, 2009
/s/ Jeffrey B. Setness
JEFFREY B. SETNESS
Mayall, Hurley, Knutsen,
Smith & Green
Attorneys for Phoenix Cash & Carry
LLC and Ideal Tobacco Wholesale,
Inc.

(Original signatures retained by AUSA Door)

ORDER

The Court, having reviewed the foregoing Stipulation and good cause appearing,

1.   The Stipulation is hereby APPROVED.

2.   Plaintiff and claimants have agreed to the interlocutory sale of the defendant tobacco products.

4

3. The tobacco products shall be sold at a sale conducted at the direction of the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF), its agents, employees, representatives, and/or contractors.

4. The sale shall be conducted in a commercially reasonable manner at a public or private sale to qualified buyers consistent with applicable state and federal laws relating to tobacco products.

5. The net proceeds from the sale of the tobacco products will include all funds realized from the sale of the tobacco products less expenses incurred by AFT since the date of seizure, and expenses related to the sale, including but not limited to:

    a. Storage and transportation expenses;

    b. Sales commissions, if any; and

    c. Sale costs.

6. The net proceeds shall be deposited into the Department of Justice Seized Asset Deposit Fund, and shall be substituted for the tobacco products identified in the caption above. Upon deposit of said funds, plaintiff shall advise the Court and claimants of the amount of the substitute *res*.

7. Any forfeiture action shall proceed against the substitute *res* in lieu of the tobacco products sold pursuant to this stipulation.

Dated: *April 13, 2009*

IT IS SO ORDERED.

    /s/ John A. Mendez
JOHN A. MENDEZ
United States District Judge