```
LAWRENCE G. BROWN
United States Attorney
KRISTIN S. DOOR, SBN 84307
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916)554-2723

Attorneys for Plaintiff
United States of America
```

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:08-CV-02075-JAM-GGH |
| Plaintiff, | **STIPULATION TO STAY FURTHER PROCEEDINGS AND ORDER** |
| v. | |
| REAL PROPERTY LOCATED AT 6525 SOUTH BRUCE STREET, LAS VEGAS, NEVADA, CLARK COUNTY, APN: 177-02-510-005, INCLUDING ALL APPURTENANCES AND IMPROVEMENTS THERETO, | DATE: N/A<br>TIME: N/A<br>COURTROOM: N/A |
| Defendant. | |
| UNITED STATES OF AMERICA, | 2:08-cv-2752 JAM-GGH |
| Plaintiff, | |
| v. | |
| APPROXIMATELY $23,770.87 IN U.S. CURRENCY SEIZED FROM BANK OF AMERICA ACCOUNT NO. 0050 1112 8989, HELD IN THE NAME OF G&R EMPIRE, LLC, | |
| APPROXIMATELY $6,741.29 IN U.S. CURRENCY SEIZED FROM BANK OF AMERICA ACCOUNT NO. 0050 1113 0692, HELD IN THE NAME OF PHOENIX CASH & CARRY, LLC, | |

1     STIPULATION TO STAY FURTHER
PROCEEDINGS AND ORDER [PROPOSED]

```
 1  APPROXIMATELY $9,774.73 IN U.S.      )
    CURRENCY SEIZED FROM BANK OF         )
 2  AMERICA ACCOUNT NO. 0049 6875 8911,  )
    HELD IN THE NAME OF IDEAL TOBACCO,   )
 3  WHOLESALE, INC.,                     )
                                         )
 4  APPROXIMATELY $7,054.55 IN U.S.      )
    CURRENCY SEIZED FROM WELLS FARGO     )
 5  BANK ACCOUNT NO. 671-0134131, HELD   )
    IN THE NAME OF BITTAR FAMILY TRUST,  )
 6                                       )
    APPROXIMATELY $31,402.20 IN U.S.     )
 7  CURRENCY SEIZED FROM WELLS FARGO     )
    BANK ACCOUNT NO. 091-1704013, HELD   )
 8  IN THE NAME OF RAED MOURI AND        )
    LOUDY EGHO,                          )
 9                                       )
    APPROXIMATELY $29,095.02 IN U.S.     )
10  CURRENCY SEIZED FROM WELLS FARGO     )
    BANK ACCOUNT NO. 071-0335696, HELD   )
11  IN THE NAME OF BITTAR FAMILY TRUST,  )
                                         )
12  APPROXIMATELY 6,954 TOTAL BOXES OF   )
    ASSORTED SMOKEABLE OTP EVIDENCE      )
13  (CONTAINING APPROXIMATELY 431,447    )
    UNITS OF SMOKEABLE OTP) RECOVERED    )
14  FROM IDEAL TOBACCO WHOLESALE,        )
                                         )
15  APPROXIMATELY 22 TOTAL BOXES OF      )
    SMOKEABLE OTP EVIDENCE (CONTAINING   )
16  APPROXIMATELY 1,350 UNITS OF         )
    SMOKEABLE OTP) RECOVERED FROM THE    )
17  ABF DELIVERY TRUCK AT IDEAL          )
    TOBACCO WHOLESALE, AND               )
18                                       )
    APPROXIMATELY 87,595 UNITS OF        )
19  ASSORTED SMOKEABLE OTP EVIDENCE      )
    RECOVERED FROM PHOENIX CASH &        )
20  CARRY,                               )
                                         )
21               Defendants.             )
                                         )
22  UNITED STATES OF AMERICA,            )   2:09-cv-0111 JAM-GGH
                                         )
23               Plaintiff,              )
                                         )
24         v.                            )
                                         )
25  APPROXIMATELY $4,023.00 IN U.S.      )
    CURRENCY,                            )
26                                       )
    APPROXIMATELY $1,280.00 IN U.S.      )
27  CURRENCY,                            )

28
                                     2    STIPULATION TO STAY FURTHER
                                           PROCEEDINGS AND ORDER [PROPOSED]
```

|  |  |
|---|---|
| APPROXIMATELY $6,268.00 IN U.S. CURRENCY, | ) ) ) |
| APPROXIMATELY $5,510.00 IN U.S. CURRENCY, and | ) ) ) ) |
| APPROXIMATELY 169 Boxes of SMOKELESS TOBACCO, | ) ) ) |
| Defendants. | ) ) |

Plaintiff United States of America, and Claimants G&R Empire LLC; Phoenix Cash & Carry LLC; Raed "Roy" Mouri and Loudy Egho, as Trustees of the MGM Trust dated May 16, 2005; George Bittar and Wanda Bittar, as trustees of the Bittar Family Trust, dated December 23, 2003; George Bittar; Ideal Tobacco Wholesale, Inc.; and Centennial Bank, (hereafter referred to collectively as "claimants"), by and through their respective counsel, hereby stipulate that a stay is necessary in the above-entitled actions, and request that the Court enter an order staying all further proceedings until March 4, 2010, due to an on-going criminal investigation against Phoenix Cash & Carry LLC, G&R Empire LLC, Ideal Tobacco Wholesale, Inc., Raed Mouri, and George Bittar.

1.   Each of the claimants has filed a claim to the defendant property, but have not yet filed their Answers and will not be required to do so until the stay contemplated by this stipulation expires.

2.   The stay is requested pursuant to 18 U.S.C. §§ 981(g)(1) and 981(g)(2).  The plaintiff contends that Raed Mouri and George Bittar and others were involved in a scheme to defraud

1  the California Board of Equalization out of excise taxes due on the
2  sale of tobacco products.  The plaintiff further contends that
3  Mouri, Bittar, and others used the U.S. mail to execute the fraud
4  scheme, and that the proceeds of the scheme are traceable to the
5  seized tobacco products and to the bank accounts from which the
6  defendant funds were seized.  Plaintiff further contends that the
7  defendant funds were involved in money laundering transactions.
8  Raed Mouri and George Bittar deny these allegations.
9       3.   To date no one has been charged with any criminal offense
10 by state, local, or federal authorities, and it is the plaintiff's
11 position that the statute of limitations has not expired on
12 potential criminal charges relating to the fraud scheme.
13 Nevertheless, the plaintiff intends to depose claimants Raed and
14 Mouri regarding their claims, their ownership and/or management of
15 Phoenix Cash & Carry LLC, G&R Empire LLC, Ideal Tobacco Wholesale,
16 Inc., and their involvement in the sale of tobacco products into
17 California.  If discovery proceeds at this time, claimants will be
18 placed in the difficult position of either invoking their Fifth
19 Amendment rights against self-incrimination and losing the ability
20 to pursue their claims to the defendant property, or waiving their
21 Fifth Amendment rights and submitting to a deposition and
22 potentially incriminating themselves.  If they invoke their Fifth
23 Amendment rights, the plaintiff will be deprived of the ability to
24 explore the factual basis for the claims they filed with this
25 court.
26      4.   In addition, claimants intend to depose, among others,
27 the agents involved with this investigation, including but not
28

limited to the agents with the Bureau of Alcohol, Tobacco, Firearms & Explosives and the California Board of Equalization. Allowing depositions of the law enforcement officers at this time would adversely affect the ability of the federal authorities to investigate the alleged underlying criminal conduct.

5. The parties recognize that proceeding with these actions at this time has potential adverse effects on the investigation of the underlying criminal conduct and/or upon the claimants' ability to prove their claim to the property and to assert any defenses to forfeiture. For these reasons, the parties jointly request that these matters be stayed until March 4, 2010. At that time the parties will advise the court of the status of the criminal investigation, if any, and will advise the court whether a further stay is necessary.

6. While this case is stayed, claimants agree to keep current all payments due to Centennial Bank under the promissory note dated September 24, 2007, in the original principal amount of $2,225,000.00, and secured by the deed of trust recorded in Clark County, Nevada, on September 27, 2007, encumbering the defendant property.

7. In the event claimants default in their obligations to Centennial Bank, Centennial Bank and claimants agree to join any government motion for interlocutory sale of the defendant property. The term "default" shall mean any default under the note and deed of trust encumbering the defendant property and any other documents executed by claimants in connection therewith.

8. This stay shall not affect the obligation of Centennial

Bank to respond to discovery requests served on it by plaintiff prior to the execution of this stipulation.

Dated: September 4, 2009         LAWRENCE G. BROWN
                                 United States Attorney


                            By   /s/ Kristin S. Door
                                 KRISTIN S. DOOR
                                 Assistant U.S. Attorney
                                 Attorneys for Plaintiff
                                 United States of America


Dated: September 4, 2009
                                 /s/ Jeffrey B. Setness
                                 JEFFREY B. SETNESS
                                 Mayall, Hurley, Knutsen,
                                 Smith & Green
                                 Attorneys for G&R Empire LLC; Phoenix Cash & Carry LLC; Raed "Roy" Mouri and Loudy Egho, as Trustees of the MGM Trust dated May 16, 2005; George Bittar and Wanda Bittar, as trustees of the Bittar Family Trust, dated December 23, 2003; George Bittar; and Ideal Tobacco Wholesale, Inc.


Dated: September 4, 2009         /s/Kenneth Miller
                                 KENNETH MILLER
                                 Ervin Cohen & Jessup, LLP
                                 Attorneys for claimant
                                 Centennial Bank

                                 (Original signatures retained by AUSA Door)

//

//

**ORDER**

For the reasons set forth above, these matters is stayed pursuant to 18 U.S.C. §§ 981(g)(1) and 981(g)(2) until March 4, 2010.  On or before March 4, 2010, the parties will advise the court whether a further stay is necessary.

IT IS SO ORDERED.

Dated: September 8, 2009

/s/ John A. Mendez
JOHN A. MENDEZ
UNITED STATES DISTRICT JUDGE