```
 1  BENJAMIN B. WAGNER
    United States Attorney
 2  KEVIN C. KHASIGIAN
    Assistant U.S. Attorney
 3  501 I Street, Suite 10-100
    Sacramento, CA 95814
 4  Telephone: (916)554-2700

 5  Attorneys for the United States

 6

 7

 8              IN THE UNITED STATES DISTRICT COURT

 9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  UNITED STATES OF AMERICA,        )  2:08-CV-02752-JAM-GGH
                                     )
12          Plaintiff,                )
                                     )  REQUEST FOR EXTENSION OF STAY
13       v.                           )  OF FURTHER PROCEEDINGS AND
                                     )  ORDER
14  APPROXIMATELY $23,770.87 IN U.S. )
    CURRENCY SEIZED FROM BANK OF     )
15  AMERICA ACCOUNT NO. 0050 1112 8989,)
    HELD IN THE NAME OF G&R EMPIRE,  )
16  LLC,                             )
                                     )
17  APPROXIMATELY $6,741.29 IN U.S.  )  DATE: N/A
    CURRENCY SEIZED FROM BANK OF     )  TIME: N/A
18  AMERICA ACCOUNT NO. 0050 1113 0692,)  COURTROOM: N/A
    HELD IN THE NAME OF PHOENIX CASH &)
19  CARRY, LLC,                      )
                                     )
20  APPROXIMATELY $9,774.73 IN U.S.  )
    CURRENCY SEIZED FROM BANK OF     )
21  AMERICA ACCOUNT NO. 0049 6875 8911,)
    HELD IN THE NAME OF IDEAL TOBACCO,)
22  WHOLESALE, INC.,                 )
                                     )
23  APPROXIMATELY $7,054.55 IN U.S.  )
    CURRENCY SEIZED FROM WELLS FARGO )
24  BANK ACCOUNT NO. 671-0134131, HELD )
    IN THE NAME OF BITTAR FAMILY TRUST,)
25                                   )
    APPROXIMATELY $31,402.20 IN U.S. )
26  CURRENCY SEIZED FROM WELLS FARGO )
    BANK ACCOUNT NO. 091-1704013, HELD )
27  IN THE NAME OF RAED MOURI AND    )
    LOUDY EGHO,                      )
28                                   )
```

```
APPROXIMATELY $29,095.02 IN U.S.         )
CURRENCY SEIZED FROM WELLS FARGO         )
BANK ACCOUNT NO. 071-0335696, HELD       )
IN THE NAME OF BITTAR FAMILY TRUST,      )
                                         )
APPROXIMATELY 6,954 TOTAL BOXES OF       )
ASSORTED SMOKEABLE OTP EVIDENCE          )
(CONTAINING APPROXIMATELY 431,447        )
UNITS OF SMOKEABLE OTP) RECOVERED        )
FROM IDEAL TOBACCO WHOLESALE,            )
                                         )
APPROXIMATELY 22 TOTAL BOXES OF          )
SMOKEABLE OTP EVIDENCE (CONTAINING       )
APPROXIMATELY 1,350 UNITS OF             )
SMOKEABLE OTP) RECOVERED FROM THE        )
ABF DELIVERY TRUCK AT IDEAL              )
TOBACCO WHOLESALE, AND                   )
                                         )
APPROXIMATELY 87,595 UNITS OF            )
ASSORTED SMOKEABLE OTP EVIDENCE          )
RECOVERED FROM PHOENIX CASH &            )
CARRY,                                   )
                                         )
          Defendants.                    )
_____)
UNITED STATES OF AMERICA,                )   2:09-CV-00111-JAM-GGH
                                         )
          Plaintiff,                     )
                                         )
     v.                                  )
                                         )
APPROXIMATELY $4,023.00 IN U.S.          )
CURRENCY,                                )
                                         )
APPROXIMATELY $1,280.00 IN U.S.          )
CURRENCY,                                )
                                         )
APPROXIMATELY $6,268.00 IN U.S.          )
CURRENCY,                                )
                                         )
APPROXIMATELY $5,510.00 IN U.S.          )
CURRENCY, and                            )
                                         )
APPROXIMATELY 169 Boxes of               )
SMOKELESS TOBACCO,                       )
                                         )
          Defendants.                    )
_____)
```

Plaintiff United States of America, and Claimants G&R Empire LLC; Phoenix Cash & Carry LLC; Raed "Roy" Mouri and Loudy Egho; George Bittar, as trustee of the Bittar Family Trust, dated

December 23, 2003; George Bittar; and Ideal Tobacco Wholesale, Inc. (hereafter referred to collectively as "claimants"), by and through their respective counsel, hereby submit the following Request for Extension of Stay of Further Proceedings and Proposed Order.

This matter was stayed on May 25, 2011, based on the on-going criminal investigation against Phoenix Cash & Carry LLC, G&R Empire LLC, Ideal Tobacco Wholesale, Inc., Raed Mouri, and George Bittar. The parties state as follows to support a further stay in the case:

1. Each of the claimants has filed a claim to the defendant property, but have not yet filed their Answers and will not be required to do so until the stay contemplated by this stipulation expires.

2. A further stay is requested pursuant to 18 U.S.C. §§ 981(g)(1) and 981(g)(2). The United States contends that Raed Mouri and George Bittar and others were involved in a scheme to defraud the California Board of Equalization out of excise taxes due on the sale of tobacco products. The United States further contends that Mouri, Bittar, and others used the U.S. mail to execute the fraud scheme, and that the proceeds of the scheme are traceable to the seized tobacco products and to the bank accounts from which the defendant funds were seized. The United States further contends that the defendant funds were involved in money laundering transactions. Raed Mouri and George Bittar deny these allegations.

3. To date no one has been charged with any criminal offense by state, local, or federal authorities, and it is the United State's position that the statute of limitations has not expired on potential criminal charges relating to the fraud scheme.

Nevertheless, the United States intends to depose claimants Raed and Mouri regarding their claims, their ownership and/or management of Phoenix Cash & Carry LLC, G&R Empire LLC, Ideal Tobacco Wholesale, Inc., and their involvement in the sale of tobacco products into California.  If discovery proceeds at this time, claimants will be placed in the difficult position of either invoking their Fifth Amendment rights against self-incrimination and losing the ability to pursue their claims to the defendant property, or waiving their Fifth Amendment rights and submitting to a deposition and potentially incriminating themselves.  If they invoke their Fifth Amendment rights, the United States will be deprived of the ability to explore the factual basis for the claims they filed with this court.

    4.   In addition, claimants intend to depose, among others, the agents involved with this investigation, including but not limited to the agents with the Bureau of Alcohol, Tobacco, Firearms & Explosives and the California Board of Equalization.  Allowing depositions of the law enforcement officers at this time would adversely affect the ability of the federal authorities to investigate the alleged underlying criminal conduct.

    5.   The parties recognize that proceeding with these actions at this time has potential adverse effects on the investigation of the underlying criminal conduct and/or upon the claimants' ability to prove their claim to the property and to assert any defenses to forfeiture.  For these reasons, the parties jointly request that these matters be stayed until March 2, 2012, in accordance with the terms of this stipulation.  At that time the parties will advise the court of the status of the criminal investigation, if

any, and will advise the court whether a further stay is necessary.


Dated: 11/29/2011             BENJAMIN B. WAGNER
                              United States Attorney

                        By:   /s/ Kevin C. Khasigian
                              KEVIN C. KHASIGIAN
                              Assistant U.S. Attorney

Dated: 11/29/2011
                              /s/ Jeffrey B. Setness
                              JEFFREY B. SETNESS
                              Mayall, Hurley, Knutsen,
                              Smith & Green
                              Attorneys for G&R Empire LLC; Phoenix
                              Cash & Carry LLC; Raed "Roy" Mouri
                              and Loudy Egho; George Bittar, as
                              trustees of the Bittar Family Trust,
                              dated December 23, 2003; George
                              Bittar; and Ideal Tobacco Wholesale,
                              Inc.

                              (As authorized on 11/29/2011)


**ORDER**

For the reasons set forth above, these matters are stayed pursuant to 18 U.S.C. §§ 981(g)(1) and 981(g)(2) until March 2, 2012, in accordance with the terms of this stipulation. On or before March 2, 2012, the parties will advise the court whether a further stay is necessary.

IT IS SO ORDERED.

Dated: 11/29/2011                    /s/ John A. Mendez
                                     JOHN A. MENDEZ
                                     United States District Judge