BENJAMIN B. WAGNER
United States Attorney
KEVIN C. KHASIGIAN
Assistant U.S. Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916)554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:08-CV-02752-JAM-GGH |
| Plaintiff, | |
| v. | STIPULATION FOR EXTENSION OF STAY OF FURTHER PROCEEDINGS AND ORDER |
| APPROXIMATELY $23,770.87 IN U.S. CURRENCY SEIZED FROM BANK OF AMERICA ACCOUNT NO. 0050 1112 8989, HELD IN THE NAME OF G&R EMPIRE, LLC, et al., | DATE: N/A<br>TIME: N/A<br>COURTROOM: N/A |
| Defendants. | |
| UNITED STATES OF AMERICA, | 2:09-CV-00111-JAM-GGH |
| Plaintiff, | |
| v. | |
| APPROXIMATELY $4,023.00 IN U.S. CURRENCY, et al., | |
| Defendants. | |

The United States and Claimants G&R Empire LLC; Phoenix Cash & Carry LLC; Raed "Roy" Mouri and Loudy Egho; George Bittar, as trustee of the Bittar Family

1  Trust, dated December 23, 2003; George Bittar; and Ideal Tobacco Wholesale, Inc.
2  (hereafter referred to collectively as "claimants"), by and through their respective
3  counsel, hereby submit the following Stipulation for Extension of Stay of Further
4  Proceedings and Proposed Order.
5      This matter was previously stayed on January 8, 2009, May 20, 2009,
6  September 10, 2009, March 5, 2010, July 2, 2010, January 7, 2011, May 25, 2011,
7  November 30, 2011, and March 1, 2012, based on the on-going criminal investigation
8  against Phoenix Cash & Carry LLC, G&R Empire LLC, Ideal Tobacco Wholesale, Inc.,
9  Raed Mouri, and George Bittar.  The parties state as follows to support a further stay
10 in the case:
11     1.     Each of the claimants has filed a claim to the defendant property, but
12 have not yet filed their Answers and will not be required to do so until the stay
13 contemplated by this stipulation expires.
14     2.     A further stay is requested pursuant to 18 U.S.C. §§ 981(g)(1) and
15 981(g)(2).  The United States contends that Raed Mouri and George Bittar and others
16 were involved in a scheme to defraud the California Board of Equalization out of excise
17 taxes due on the sale of tobacco products.  The United States further contends that
18 Mouri, Bittar, and others used the U.S. mail to execute the fraud scheme, and that the
19 proceeds of the scheme are traceable to the seized tobacco products and to the bank
20 accounts from which the defendant funds were seized.  The United States further
21 contends that the defendant funds were involved in money laundering transactions.
22 Raed Mouri and George Bittar deny these allegations.
23     3.     To date no one has been charged with any criminal offense by state, local,
24 or federal authorities, and it is the United State's position that the statute of
25 limitations has not expired on potential criminal charges relating to the fraud scheme.
26 Nevertheless, the United States intends to depose claimants Mouri and Bittar
27 regarding their claims, their ownership and/or management of Phoenix Cash & Carry
28

1  LLC, G&R Empire LLC, Ideal Tobacco Wholesale, Inc., and their involvement in the
2  sale of tobacco products into California.  If discovery proceeds at this time, claimants
3  will be placed in the difficult position of either invoking their Fifth Amendment rights
4  against self-incrimination and losing the ability to pursue their claims to the defendant
5  property, or waiving their Fifth Amendment rights and submitting to a deposition and
6  potentially incriminating themselves.  If they invoke their Fifth Amendment rights,
7  the United States will be deprived of the ability to explore the factual basis for the
8  claims they filed with this court.

9      4.    In addition, claimants intend to depose, among others, the agents
10 involved with this investigation, including but not limited to the agents with the
11 Bureau of Alcohol, Tobacco, Firearms & Explosives and the California Board of
12 Equalization.  Allowing depositions of the law enforcement officers at this time would
13 adversely affect the ability of the federal authorities to investigate the alleged
14 underlying criminal conduct.

15     5.    The parties recognize that proceeding with these actions at this time has
16 potential adverse effects on the investigation of the underlying criminal conduct and/or
17 upon the claimants' ability to prove their claim to the property and to assert any
18 defenses to forfeiture.  For these reasons, the parties jointly request that these matters
19 be stayed until September 6, 2012, in accordance with the terms of this stipulation.  At
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28

3      Stipulation for Extension of Stay of Further
    Proceedings and Proposed Order

1  that time the parties will advise the court of the status of the criminal investigation, if
2  any, and will advise the court whether a further stay is necessary.

4  Dated: 5/24/12                          BENJAMIN B. WAGNER
                                           United States Attorney

6                                          By: /s/ Kevin C. Khasigian
                                           KEVIN C. KHASIGIAN
                                           Assistant U.S. Attorney

8  Dated: May 24, 2012
                                           /s/ Jeffrey B. Setness
9                                          JEFFREY B. SETNESS
                                           Mayall Hurley, PC
10                                         Attorneys for G&R Empire LLC; Phoenix
                                           Cash & Carry LLC; Raed "Roy" Mouri
11                                         and Loudy Egho; George Bittar, as
                                           trustees of the Bittar Family Trust,
12                                         dated December 23, 2003; George
                                           Bittar; and Ideal Tobacco Wholesale,
13                                         Inc.

14                                         (Signature retained by attorney)

17                                **ORDER**

18      For the reasons set forth above, these matters are stayed pursuant to 18 U.S.C.
19  §§ 981(g)(1) and 981(g)(2) until September 6, 2012, in accordance with the terms of this
20  stipulation. On or before September 6, 2012, the parties will advise the court whether
21  a further stay is necessary.

23      IT IS SO ORDERED.
24  Dated:  May 25, 2012                   /s/ John A. Mendez
                                           JOHN A. MENDEZ
25                                         United States District Court Judge